**IN THE COURT OF APPEALS OF IOWA**

No. 19-0694
Filed June 19, 2019

**IN THE INTEREST OF I.M. and A.M.,**
**Minor Children,**

**N.M., Father,**
     Appellant.
_____


     Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda,

District Associate Judge.


     A father appeals the termination of his parental rights to his children.

**AFFIRMED.**



     Larry J. Pettigrew of Pettigrew Law Firm, PC, Ankeny, for appellant father.

     Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant

Attorney General, for appellee State.

     Dusty L. Clements of Clements Law & Mediation, LLC, Newton, attorney

and guardian ad litem for minor children.



     Considered by Vaitheswaran, P.J., and Doyle and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his children, born in 2012 and 2014. He does not challenge the evidence supporting the grounds for termination cited by the district court. He simply argues termination is not in the children's best interests. *See* Iowa Code § 232.116(2) (2018). "'In considering whether to terminate the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (quoting Iowa Code § 232.116(2)).

Our de novo review of the record reveals the following facts. The department of human services investigated a complaint of physical abuse by the father against his older child. A child protective worker observed "multiple injuries" on the child, including "bruising on her left back bicep," "what appeared to be two bite marks on her right bicep," and "bruising on both sides of her face." The worker was told the father beat the child with a cane.

The State applied to have the children removed from their parents' custody. The district court granted the application. With the parents' agreement, the children were placed in the custody of their maternal great-grandmother, under the protective supervision of the department. The district court adjudicated them in need of assistance.

The mother participated in reunification services. In time, the district court ordered the children returned to her custody.

Meanwhile, the father pled guilty to neglect of a dependent. The district court imposed a prison sentence, which the father began serving in the fall of 2018.

At the time of the termination hearings in January and March 2019, the father remained incarcerated and did not expect to appear before the parole board until June or July 2019 "at the very earliest." He testified to a likely parole date "by [the] middle of November" 2019.

The father acknowledged a history of violent crimes, including "domestics" and "child endangerment." Despite this history, he stated he was not assigned to "any mandatory prison treatment classes." As for development of parenting skills, he testified he was given a "24/7 dad's" booklet, which he was to discuss with his prison counselor. In short, the father engaged in minimal rehabilitation efforts while in prison. On our de novo review, we conclude the father was in no position to parent his children safely. We agree with the district court that termination of his parental rights was in the children's best interests.

Under his best-interests argument, the father contends the district court should have granted him six additional months to work toward reunification. *See* Iowa Code § 232.104(2)(b). The district court concluded that six additional months would "not eliminate the need for continued removal," given the father's "lack of progress in the [previous] eighteen months." We agree with this assessment.

Again under the "best-interests" umbrella, the father argues the district court should not have terminated his parental rights because the mother had legal custody of the children and because of the closeness of his bond with the children. These arguments actually implicate certain statutory exceptions to termination. *See id.* § 232.116(3)(a), (c). The district court cogently explained its reasons for declining to invoke either exception:

It is clear that the father cannot provide for the children anytime in the foreseeable future.  The father is in prison for physically beating his child with a cane and has a history of physically assaulting the women and children in his life, which was occurring up to the month he went to prison.  As opined by [the child protective worker], it will be difficult to ensure any child's safety with him in the long term.  The mother has provided stability for the children, agrees with termination, and the children are doing well.  The court will not deprive the children of this continued stability, which can only be accomplished if the father ceases to be the children's legal parent.

We fully concur in the reasoning.

We affirm the termination of the father's parental rights to the children.

**AFFIRMED.**